UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ANTONIO PEREZ,

    Petitioner,       Case No. 2:26-cv-502-KCD-DNF

  v.

SECRETARY KRISTI NOEM, U.S.
DEPARTMENT OF HOMELAND
SECURITY; et al.,

    Respondents.

_____/

## **ORDER**

Petitioner Miguel Antonio Perez is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 2.)[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from this judicial district while his habeas petition is pending. According to Perez, without this pause button, the Government might whisk him away and deprive him of a chance to litigate the habeas petition. (*Id.* at 4.)[2]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Perez's motion is not paginated, so the Court cites the page numbers generated by its electronic filing system.

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Perez's request to prohibit further transfers falls short. He argues that an injunction is necessary to "preserve this Court's jurisdiction." (Doc. 2 at 5.) That concern, while understandable, fails to properly apprehend the nature of habeas jurisdiction. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Perez's transfer is superfluous. We do not issue injunctions to prevent harms that are legally impossible. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *Major*

*v. Warden, FCC Coleman - Low*, No. 5:18-CV-269-OC-02PRL, 2019 WL 4194673, at *1 (M.D. Fla. Sept. 4, 2019).

Perez separately contends that a transfer will "substantially limit[] access to counsel" and likewise frustrate his ability to litigate this case. (Doc. 4 at 4.) But that argument mistakes a prediction for a proof. Perez simply assumes that a move to a new facility must necessarily cut him off from his attorneys. Yet he gives the Court no reason to think that is actually true. He does not allege that a future facility would deny him telephone privileges, bar video conferencing, or intercept privileged mail. In a world where legal representation is routinely accomplished across great distances through electronic filing and remote communication, we cannot assume that physical proximity is a prerequisite for due process. Without a specific showing that ICE intends to transfer him to a location that actually precludes communication, Perez's fear of future impairment is too speculative to support the extraordinary remedy of injunctive relief.

For these reasons, Perez's emergency motion for injunctive relief (Doc. 2) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on March 2, 2026.

Kyle C. Dudek
United States District Judge